## B. KUPPENHEIMER & CO. v. LEVINE et al.

No. 14710—Opinion Filed Nov. 12, 1924.

Rehearing Denied Feb. 2, 1926.

1. **Sales—Delivery—Effect of Delivery to Carrier for Consignee.**

As a general rule the delivery of goods by a consignor to a common carrier for account of a consignee has effect as delivery to such consignee, but this rule is not controlling where the parties have contracted differently.

2. **Appeal and Error—Sufficiency of Evidence—Findings of Court.**

Where, in a law case, a jury is waived and the cause tried to the court, the findings of the court have the same weight as the verdict of a jury, and such findings, and the judgment entered thereon, will not be disturbed because of insufficiency of the evidence, if there is any competent evidence reasonably tending to support the same.

3. **Same—Recovery by Seller of Goods Denied.**

Record examined: and held, that there is competent evidence reasonably tending to support the findings and judgment; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grady County; Cham Jones, Judge.

Action by B. Kuppenheimer & Company, a corporation, against Ben Levine and Chas. I. Miller, doing business as Levine & Miller, a copartnership. Judgment for defendants. Plaintiff appeals. Affirmed.

Thos. B. Losey, for plaintiff in error.

Barefoot & Carmichael, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff in the trial court, and the defendants in error were the defendants. The parties will be referred to herein as plaintiff and defendants, as they appeared in the court below.

The plaintiff brought suit in the district court of Grady county for the sum of $435.50 alleged to be due for goods, wares, and merchandise sold and delivered by plaintiff to the defendants under contract, and wholly remaining unpaid after demand had been made. The defendants, by way of answer, denied that the bill of goods alleged to have been bought by and delivered to the defendants was ever delivered to them, and denied all liability.

The cause was called for trial, a jury was waived, and the cause tried to the court, resulting in a judgment for defendants. The plaintiff prosecutes appeal and presents assignments of error that the judgment for the defendants is contrary to the law and not supported by the evidence.

There is no question but that defendants ordered the goods, and the plaintiff's proof tends to show that the goods were shipped by express from the express office in the city where the plaintiff's place of business is located. The question of the defendants' liability turns upon the contract as to where the delivery of the goods to the defendants was to be made. The defendants admit that they ordered the goods, but offer proof tending to show that the plaintiff's salesman, at the time of taking the order for the goods, agreed to make delivery of the shipment to the defendants at Chickasha. The plaintiff's proof tends to show that the custom was to deliver goods to the carrier, and that was treated as delivery to the buyer, as the carrier became the agent of the buyer for purposes of carriage and delivery. The order for the goods is made an exhibit, but was not signed by the defendants, and nothing is said in it with reference to where the delivery was to be made. The rule is that delivery to the carrier is delivery to the consignee, as has been held by this and other courts. This court announced that rule in Garrison Coal Co. v. Semple, 82 Okla. 60, 198 Pac. 497. In that case the court said:

"That as a general rule the delivery of goods by a consignor to a common carrier for account of a consignee has effect as delivery to such consignee is elementary, but this rule is not controlling where the parties have contracted differently."

One of the defendants testified to the effect that the plaintiff's agent, the salesman, contracted to make delivery of the goods to the defendants at Chickasha, and that the goods had never reached them; and no invoice of the goods had been furnished defendants. The findings and judgment of the trial court in favor of the defendants was, in effect, a finding that such contract had been made, and that the goods were never delivered to the defendants at Chickasha. We have examined the entire record, and are impressed that the evidence offered upon the part of the defendants reasonably supports the conclusion reached by the trial judge. It is a well recognized rule in this jurisdiction that when a jury case is submitted to the court without a jury, the finding and judgment of the trial court are as binding upon appeal as the verdict of a jury, where there is competent

evidence in the record reasonably tending to support the findings and judgment. The findings and judgment of the trial judge being reasonably supported by the evidence adduced upon the trial, the appellate court is not at liberty to disregard them. The best that can be said for the plaintiff is that the evidence is conflicting upon both the question of the contract as to the place of delivery and as to the actual delivery at Chickasha. The court resolved the conflict in favor of the defendants. We are not at liberty to disregard the findings and judgment.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.